UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN JOSE RAMIREZ, | ) | 1:10-CV-00647 LJO GSA HC |
|         Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| M. K. WITCHERS, | ) | |
|         Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Orange, following his conviction in 1996, of second degree murder. (See Resp't's Answer Ex. 1.) He was sentenced to serve an indeterminate term of nineteen years to life with the possibility of parole. (Id.)

Petitioner filed the instant petition on April 14, 2010. Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on

---

[1] This information is derived from the petition for writ of habeas corpus and the documents attached to Respondent's answer to the petition.

December 17, 2007, in which he was found guilty of possessing contraband, to wit, a cell phone charger. Respondent filed an answer to the petition on July 9, 2010. Petitioner filed a traverse on August 4, 2010.

On November 17, 2007, Correctional Officer T. Davies conducted a search of a locker assigned to Petitioner. During the search, Officer Davies discovered a cell phone charger wrapped up in a blanket and stuffed inside a pillow case. The pillow was arranged neatly on top of the rolled up mattress. The cell phone charger was black, approximately twenty-four inches long, and had two male type adapters that plugged into a power source and into a cell phone. Investigative Services Unit Officer R. Mathus arrived and photographed the charger and then took possession. On November 20, 2007, Officer Mathus verified the item was a cell phone charger.

On December 17, 2007, a disciplinary hearing was held with respect to the November 17, 2007, violation. Petitioner acknowledged that he had received all documents to be used in the hearing. Petitioner had been assigned an investigative employee because he had been placed in administrative segregation. At the hearing, Petitioner requested the presence of the reporting employee, Officer Davies. Officer Davies presented for the hearing. Petitioner testified that the cell phone charger did not belong to him. He stated it was in his bed and not locked in his locker; therefore, anyone could have put the charger in his bed. Petitioner was found guilty as charged, based on the testimony of Officer Davies and the manner in which the item was concealed in Petitioner's bed. Petitioner was assessed a credit forfeiture of 120 days. Petitioner pursued his administrative appeals. At the Director's Level of Review, the charge was reduced from possession of dangerous contraband to possession of contraband, a violation of Cal. Code Regs., tit. 15, § 3006(c)(3). As a result, the credit forfeiture was reduced to 30 days.

On November 25, 2008, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court. The petition was denied on January 22, 2009, in a reasoned decision. (See Resp't's Answer Ex. 2.) On March 12, 2009, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth Appellate District. The petition was summarily denied on May 14, 2009. (See Resp't's Answer Ex. 3.) Petitioner next filed a petition for writ of habeas corpus in the California Supreme Court on August 6, 2009, and the petition was summarily denied on

1  March 10, 2010. (See Resp't's Answer Ex. 4.)

2  As noted above, Petitioner filed the instant federal habeas petition on April 14, 2010. Petitioner complains he was not allowed to defend himself because he was not presented with the actual cell phone charger at the onset of the hearing. He further claims the hearing officer should have relied on Investigative Services Unit Officer Mathus' determination of the item rather than the reporting officer. He also claims he was charged for conduct that was not proscribed by rule or regulation at the time.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Corcoran State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). In this case, Petitioner suffered a loss of thirty days of good time credits. Therefore, the Court has jurisdiction.

II.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

The state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

III.  Review of Petitioner's Claims

Petitioner argues he was unconstitutionally found guilty of a serious rules violation report. The petition is without merit as it is clear all due process requirements were met.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S.

at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

In this case, it is clear the minimum due process requirements were met.  Petitioner was given twenty-four hours advance written notice of the hearing.  He was given a copy of the CDC-115 report on November 29, 2007, and the hearing was held on December 17, 2007.  Petitioner was also given an opportunity to call witnesses and present evidence.  Petitioner requested the reporting officer to appear and he did whereupon Petitioner questioned him. Petitioner was also given a copy of the written decision of the hearing officer on January 14, 2008.  Therefore, the first three due process requirements were met.

Nevertheless, Petitioner claims the decision was not supported by some evidence, because the item in question was not a cell phone charger and it did not belong to him.  He also complains that he was not presented with the actual item of contraband or a photograph thereof at the hearing.  However, a photograph of the item had been taken and provided at the hearing, and Petitioner acknowledged receiving all documents to be used at the hearing.  In addition, the hearing officer relied on the testimony of the reporting officer who confirmed the item was a cell phone charger.  Additionally, Petitioner's own statement at the hearing that the cell phone charger was not his and could have been placed there by anyone was deemed an admission of its existence.  As to Petitioner's contention the item was not his, the reporting officer found the item elaborately concealed in Petitioner's bedding.  From this, the superior court determined that there was at least some evidence supporting the hearing officer's finding that the item belonged to Petitioner.  The superior court correctly cited to and applied the Hill "some evidence" standard and determined there was some evidence to conclude the item was in fact a cell phone charger in Petitioner's possession.  The superior court's determination was not an unreasonable application of the Hill standard.  In addition, the superior court did not unreasonably determine the facts.

Petitioner also claims he was denied exculpatory evidence in the form of the actual cell phone charger that was confiscated.  As discussed above, this reviewing court must determine whether the state court's finding of some evidence was not unreasonable.  Here, there was evidence

other than the actual charger that could be relied on by the hearing officer in his finding that Petitioner possessed a cell phone charger. This included the testimony and report of the reporting officer as well as Petitioner's own incriminating statements. The state court determination that some evidence existed was not unreasonable. Therefore, Petitioner's claim should be rejected.

Petitioner next argues the hearing officer should have relied on Investigative Services Unit Officer Mathus' determination of the nature of the item rather than Officer Davies'. Officer Davies testified that the item was a cell phone charger that consisted of a twenty-four inch long cord. Officer Mathus determined that the item was a cell-phone charging cord. The Court fails to see the difference.

Petitioner further complains that he was not placed on notice that the item constituted illegal contraband. As pointed out by the superior court, Petitioner is prohibited by Cal. Penal Code § 4575(a) from possessing wireless devices including cellular phones. A cell phone charger is an integral part of a cell phone. In addition, Petitioner had been found guilty of this same offense before.

In sum, all due process requirements were satisfied and the state court determination that the guilty finding was supported by "some evidence" was not unreasonable. In addition, the state court did not unreasonably determine the facts. Accordingly, Petitioner's claims are without merit and the petition should be denied.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
2  1153 (9th Cir. 1991).

4      IT IS SO ORDERED.
5      Dated:   **August 30, 2010**           /s/ **Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE